UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS GRAYER, SR.,

       Plaintiff,                            Hon. Janet T. Neff

v.                                                Case No. 1:10-cv-00293

PRECISE MORTGAGE GROUP, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on Defendant/Counter-Plaintiffs' Motion for an Order to Show Cause Why Plaintiff Should Not be Held in Contempt of Court (Dkt. 30).

On January 14, 2011, the parties participated in a settlement conference that had been ordered by the court and which was conducted by the undersigned. At the settlement conference, the parties reached a resolution of their dispute and placed the core terms of their agreement on the record, which included the requirement that plaintiff/counter-defendant (hereinafter simply plaintiff) pay $8,000.00 to defendant/counter-plaintiffs (hereinafter simply defendants) in monthly installments at an annual interest rate of 9% and secured by an enforceable first priority mortgage on plaintiff's property in Battle Creek, Michigan. The court issued an order on January 18, 2011, requiring dismissal papers to be filed with the court by February 15, 2011 (Dkt. 28).

The undersigned found the terms of the settlement very fair to both parties. In the undersigned's opinion it was highly likely that the plaintiff owed at least $6,000.00 on money

borrowed from defendants, and defendants had a counterclaim estimated at $16,000.00 as of April 2010.

On February 15, 2011, defendants filed their motion for an order to show why the plaintiff should not be held in contempt of court for plaintiff's refusal to sign the necessary settlement papers (Dkt. 30). A hearing was held on the motion on March 15, 2011 at 10:00 a.m. Plaintiff was represented by counsel, Elena C. Hansen of the UAW-GM Legal Services Plan, at the hearing. Plaintiff and his wife were also present. Plaintiff's attorney agreed that the documents which defendants were seeking to have plaintiff sign accurately reflected the agreement reached at the settlement conference. Furthermore, it appears that Ms. Hansen had been heavily involved in drafting the documents. After listening in open court to the January 14, 2011 recording of the agreement made at the settlement conference, the undersigned found that the documents comported with what had been agreed to at the settlement conference.

Plaintiff stated at the March 15 hearing that he had refused to sign the documents because he did not have enough time and he did not understand them. The proceeding was recessed to allow plaintiff's attorney to confer with her client and to explain the documents. After conferring with his attorney for over an hour, plaintiff still refused to sign the settlement papers. Plaintiff's counsel, Ms. Hansen, conducted herself very professionally throughout but apparently had simply no control over her client.

The Sixth Circuit accords equitable deference to the district court to enforce an agreement and settlement of litigation pending before it:

> This circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it, even where that agreement has not been reduced to writing.

*Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986). Therefore, the undersigned recommends that plaintiff, Curtis Grayer, Sr., be held in contempt of court and that the settlement be enforced. It is further recommended that plaintiff, Curtis Grayer, Sr., be ordered by the court to execute the settlement documents within seven days of the court's order or face having his claim dismissed and default judgment entered on defendants' counterclaim in an amount to be determined on affidavit of the defendants' counsel, together with an award of costs. Plaintiff was advised at the hearing that this would be recommended to the district judge.

                                                                                    Respectfully submitted,

Date: April 4, 2011                                                  /s/ Ellen S. Carmody
                                                                           ELLEN S. CARMODY
                                                                           United States Magistrate Judge

     OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).